[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the defendant's assessment of damages for the taking of the plaintiff's property at 214 Poplar Street for the purpose of renovating and expanding the existing Bryant School. The plaintiff's property consists of a house and lot at the above address.
The taking date of the property was February 14, 1996, and, on February 28, 1996, the defendant filed with the clerk of the Superior Court for the Judicial District of Fairfield an assessment of damages for said taking in the amount of $25,000 and deposited such amount in court.
The court has before it the testimony of Gary Olcha, appraiser for the plaintiff and, testimony from two defendant's appraisers, Horacio Cardozo and Peter Vimini.
Basing his appraisal on comparable sales, the plaintiff's appraiser, Olcha, arrived at a fair market value of the property on the date of the taking in the amount of $50,000, $35,000 of which he allocated to the house and $15,000 to the lot.
Also based on comparable sales, defendant's appraiser, Cardozo, arrived at a fair market value on the taking date in the amount of $25,000.
The other defendant's appraiser, Vimini arrived at a fair market value as of the taking date in the amount of $28,000, also based on comparable sales.
Interestingly, plaintiff's appraiser, Olcha and defendant's appraiser, Vimini, each used the identical comparable properties in arriving at their appraisals, namely, properties located at 353 Poplar Street, 454 Poplar Street and 1301 Howard Avenue. The other defendant's appraiser, Cardozo, also used 353 Poplar Street.
Three fifty-three Poplar Street sold for $30,000 on June 30, 1995; 454 Poplar Street sold for $70,000 on October 31, 1995; 1301 Howard Avenue sold for $68,000 on October 24, 1995. CT Page 5284-LLLLLLLL All three comparables are in close proximity to the subject property.
Adjusting for items such as site, view, gross living area, garage, porch, plaintiff's appraiser arrived at a fair market value of subject property at the date of taking in the amount of $50,000. He placed minimal reliance on 353 Poplar Street (sold for $30,000) because it was a bank sale and, therefore, considered a stress situation.
Peter Vimini, defendant's appraiser, adjusting downward in the amount of $35,000 for both 454 Poplar Street and 1301 Howard Avenue found subject property's fair market value at taking date to be $28,000. Such large downward adjustment appears to be based mainly on the fact that both comparables have three rooms and both in the attics, whereas subject property is listed as having two plus rooms in the attic.
Defendant's appraiser, Cardozo, did not consider either 454 Poplar Street or 1301 Howard Avenue because he felt that neither should be considered a comparable because both had finished living quarters in the attic. He arrived at a fair market value of subject property at the date of taking in the amount of $25,000.
The court, after considering the testimony of all three appraisers and viewing subject premises and the three common comparables, is of the opinion that Vimini has adjusted a little too deeply for the finished quarters in 1301 Howard Avenue and 454 Poplar Street; that, plaintiff's appraiser, Olcha, in a minus adjustment of only $5,040 for 454 Poplar Street, and $4,980 for 1301 Howard Avenue, has minimized both the rental value and marketability of properties containing at least 20 percent more living quarters than the subject property.
The court finds the fair market value of the plaintiff's property at 214-216 Poplar Street on the date of taking to be $37,500 and damages are found in said amount. Plaintiff's appraiser, Olcha, is allowed the amount of $450 for appraisal fees and testimony. Interest at the statutory rate is due to the plaintiff on the amount of $12,500 from the date of taking to the date of payment of judgment.
BELINKIE, JUDGE-REFEREE. CT Page 5284-MMMMMMMM